IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CALEB CRABTREE and**                                                                        **PLAINTIFFS**
**ADRIANE CRABTREE**

**V.**                                                                                           **CASE:**    2:19-cv-7-KS-MTP

**CASEY COTTON, STATE FARM MUTUAL**                       **DEFENDANTS**
**AUTOMOBILE INSURANCE COMPANY,**
**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY, and JOHN DOES 1-5**

**NOTICE OF REMOVAL BY DEFENDANT**
**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by and through counsel, files its Notice of Removal of this matter to the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1441. The grounds for removal are as follows:

**INTRODUCTION**

1.      Plaintiffs' lawsuit was originally filed in the Circuit Court of Lamar County, Mississippi as a result of a motor vehicle accident involving Caleb Crabtree and Casey Cotton, an Allstate insured. Plaintiffs sued the alleged tortfeasor, Cotton, and Plaintiffs' uninsured motorist insurer, State Farm. Plaintiffs additionally named as a Defendant Cotton's liability insurer, Allstate.

2.      The claims against each Defendant are separate and distinct and should not have been joined under Mississippi Rule of Civil Procedure 20. Whereas Plaintiffs' tort claims against Cotton, a non-diverse party, are based on the automobile accident, their claims against State Farm are based on a first-party contract and the first party claims-handling process and should thus be

severed. Even more attenuated, Plaintiffs' claims against Allstate are premised on Allstate's third-party claims handling process. The case against Allstate is distinct from that against Cotton and that against State Farm.

3. Thus, the tort claims against Cotton are improperly joined with the contract/bad faith claims against Allstate, as well as the claims against State Farm. Under the doctrine of fraudulent or improper misjoinder (hereinafter "improper misjoinder")[1] the Court should disregard Cotton's citizenship and sever Cotton from this action, resulting in complete diversity among the remaining parties. *See e.g. Parker v. Walker*, 3:16-cv-892-CWR-FKB, 2017 WL 3275621, at *1 (S.D. Miss. June 2, 2017) (severing alleged tortfeasor from tortfeasor's liability insurer, like Allstate here); *Hampton v. Frost*, --- F. Supp. 3d ---, 3:15-cv-576-CWR, 2015 WL 11233043, at *2 (S.D. Miss. Sept. 24, 2015) (severing alleged tortfeasor from plaintiff's uninsured motorist carrier, like State Farm here). This case is, accordingly, removable under the provisions of 28 U.S.C. § 1441.

---

[1] This Court has used the term "fraudulent misjoinder" but the doctrine is more aptly termed improper joinder. *See Hampton v. Frost*, --- F. Supp. 3d ---, 3:15-cv-576-CWR, 2015 WL 11233043, at *1 (S.D. Miss. Sept. 24, 2015) (quoting *Palermo v. Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 523 (5th Cir. 2009)). This Court does not employ the "nebulous notion of 'egregiousness'" that other courts have used in the improper misjoinder context. *Powelson v. Brashier*, No. 2:18-CV-87-KS, WL 4219425, at *3 (Sept. 5, 2018) (citing *Hampton*,--- F. Supp. 3d ---, 2015 WL 11233043, at *1). As the Fifth Circuit has explained, "a party . . . can be improperly joined without being fraudulently joined." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (holding that state-court severance order "tantamount to a finding of improper joinder" supported removal jurisdiction).

## REMOVAL IS TIMELY

2. On December 10, 2018, Plaintiffs filed a Complaint against Casey Cotton, State Farm and Allstate in the Circuit Court of Lamar County, Mississippi. Allstate was served with process on December 18, 2018. A copy of all pleadings filed in the Circuit Court of Lamar County, Mississippi and specifically those served upon Allstate are attached as Exhibit A.

3. This action became removable on December 18, 2018, which is the date on which Allstate was served with a copy of Plaintiffs' Complaint and Summons. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of Plaintiffs' Complaint and Summons, which on its face demonstrates that the case is removable. This Notice of Removal is therefore timely under the provisions of 28 U.S.C. § 1446(b).

## THE VENUE REQUIREMENT IS MET

4. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

## REMOVAL IS PROPER

5. The propriety of removal is controlled by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant." *Id.* Original jurisdiction exists if, pursuant to 28 U.S.C. § 1332, there is complete diversity among the parties and the amount in controversy exceeds $75,000. *Id., see also e.g. Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1330 (5th Cir. 1995). Therefore, if complete diversity exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction and removal is proper pursuant to 28 U.S.C. § 1441.

## DIVERSITY EXISTS UNDER THE DOCTRINE OF
## IMPROPER MISJOINDER

6.  According to the Complaint, Plaintiffs are resident citizens of Mississippi. (Exhibit A, Plaintiff's Complaint ¶ 1) (hereinafter "Compl."). Pursuant to 28 U.S.C. § 1332(c)(2), Allstate is incorporated in Delaware and maintains its principal place of business in Illinois, making it a citizen of both Delaware and Illinois. *See* (Ex. B, Corporate Disclosure Statement of Allstate). Upon information and belief, State Farm is incorporated in Illinois and maintains its principal place of business in Illinois, making it a citizen of Illinois. *See Carter v. State Farm Fire & Cas. Co.*, 3:18-CV-616-HTW-LRA, Notice of Removal, ¶ 4 (S.D. Miss. September 5, 2018). Thus, Plaintiffs are diverse from both Allstate and State Farm.

7.  Plaintiffs are not diverse from the alleged tortfeasor Cotton, who like Plaintiffs is a resident citizen of Mississippi. (Pl's Compl. ¶ 2). Cotton's citizenship should be disregarded, however, under the doctrine of improper misjoinder. In applying improper misjoinder, this Court applies Mississippi Rule of Civil Procedure 20 and asks whether there is "a reasonable possibility that a Mississippi state court would allow the joinder." *Powelson*, 2018 WL 4219425, at *3. Joinder is improper under Mississippi Rule 20 unless Plaintiff can demonstrate (1) "the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences," *and* "(2) a question of law or fact common to all defendants will arise in the action . . . ." *Nsight Tech., LLC v. Fed. Ins. Co.*, 2009 WL 1106868, at *3 (S.D. Miss. Apr. 23, 2009). For proper joinder, the claims against respective defendants would have to be mutually premised on one "distinct litigable event." *Hegwood*, 949 So. 2d at 730-31.

8.  The claims against Cotton are wholly distinct from the claims against Allstate. Plaintiffs premise their tort case against Cotton on a few seconds on September 13, 2018. (Compl.

4

¶¶ 23-31). Plaintiffs cannot and do not seek damages against Allstate for Cotton's vehicular negligence. *Id.* at pp. 12-13; *see also Walker v. FFVA Mut. Ins. Co.*, No. 1:12-cv-301-HSO-RHW, 2014 WL 2683579, at *6 (S.D. Miss. 2014). Rather, they seek damages based on the post-accident claims handling process, which includes communications between and among Plaintiffs' counsel, Allstate, and Allstate's counsel. (Compl. ¶¶ 48-53 & p. 13). Whereas the case against Cotton sounds in tort, the claims against Allstate are for breach of covenant and bad faith. *Id.* Accordingly, neither prong of Mississippi Rule of Civil Procedure 20 is met, and Allstate has been improperly joined with Cotton. The tort suit against Cotton should be severed and remanded back to state court. *See Parker*, 2017 WL 3275621, at *1. The remaining parties are completely diverse.

9. For similar reasons, the Court should employ improper misjoinder to retain jurisdiction over the case against State Farm, which is premised on a first-party uninsured motorist contract between Plaintiffs and State Farm and State Farm's first-party claims-handling process. (Compl. ¶¶ 35-47). If the Court severs and remands only the case against Cotton for jurisdictional purposes, it may then sever the suit against State Farm from that against Allstate under Federal Rule of Civil Procedure 20, retaining jurisdiction over two separate suits against each insurer. This is because State Farm's uninsured motorist policy and its own claims-handling process is separate and distinct from Allstate's third-party claims handling process. *See* FED. R. CIV. P. 20.

10. While both Allstate and State Farm have valid improper misjoinder arguments entitling them to severance, Allstate is additionally entitled to severance based on the doctrine of fraudulent joinder. The case against Allstate is most attenuated from that against Cotton, as Plaintiffs have no right to directly recover against Allstate for Cotton's negligence. *See Walker*, 2014 WL 2683579, at *6. Their claims against Allstate—though strongly disputed—arise from Allstate's post-accident claims handling. (Compl. ¶¶ 48-53 & p. 13).

11.     Under the improper-misjoinder doctrine, Cotton should be severed as a Defendant, and his case should proceed in state court. The two insurance company-Defendants are diverse from Plaintiffs, and the complete diversity requirements of Section 1332 are satisfied.

**C.     The Amount in Controversy**

12.     The $75,000 amount-in-controversy requirement in Section 1332 is also satisfied. Though Plaintiffs do not plead a specific amount against Allstate, it is facially apparent that their complaint seeks relief in excess of $75,000 against Allstate, as well as State Farm.

13.     Among other things, Plaintiff claims compensatory and punitive damages for bad faith against both Allstate and State Farm. Plaintiffs claim that Caleb Cotton's medical bills exceed $200,000. (Compl. ¶ 50). Plaintiffs allege that Allstate is liable for breach of covenant and bad faith, including "all damages in excess of Cotton's policy limits" of $25,000. *Id.* at ¶ 50, p. 13. Damages for bad faith, necessarily, include punitive damages as "[a] bad faith insurance claim represents one of the most familiar types of punitive damages claims known" in Mississippi. *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 895 (Miss. 2006).

14.     They allege that State Farm is liable for $25,000 in per-person limits under its uninsured motorist policy. *Id.* ¶ 37. They also allege that State Farm breached the policy in bad faith and is liable for, among other things, a judgment for punitive damages. *Id.* at p. 13.

15.     Given these punitive damage claims alone, and especially when viewed in conjunction with Plaintiffs' other claims, the amount-in-controversy is satisfied as to both diverse Defendants. Mississippi's federal courts "have consistently held that a claim for unspecified punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Brasell v. Unumprovident Corp.*, No. 2:01-CV-202-D, 2001 WL 1530342, at *2-*3

(N.D. Miss. Oct. 25, 2001) (collecting cases); *see also, e.g., Alexander DLJ Mortg. Capital, Inc.*, 2015 WL 3905250, at *1-*2 (S.D. Miss. 2015).

16. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since it is a civil action between citizens of different states and based on the Plaintiffs' Complaint the amount in controversy, including claims for punitive damages, exceeds $75,000.

## CONCLUSION

The only non-diverse Defendant, Casey Cotton, was improperly misjoined, and his citizenship should be disregarded. After improper misjoinder and severing the in-state tortfeasor, the Court is left with a case by two Mississippi residents against two out-of-state corporations, seeking relief well in excess of $75,000. Accordingly, this Court has jurisdiction over the action and removal is proper.

Dated this the __15__ day of January, 2019.

Respectfully submitted,

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

BY: _____
CORY L. RADICIONI (MSB #101761)
GRAFTON E. BRAGG (MSB #104821)
MALLORY M. STREET (MSB #104488)

OF COUNSEL:
WISE CARTER CHILD & CARAWAY, P. A.
Post Office Box 651
Jackson, Mississippi   39205
601.968.5500
clr@wisecarter.com
geb@wisecarter.com
mms@wisecarter.com

## CERTIFICATE OF SERVICE

    I, Cory L. Radicioni, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following:

    Samuel S. McHard
    P. Manion Anderson
    McHard, McHard, Anderson & Associates, PLLC
    140 Mayfair Road, Suite 1500
    Hattiesburg, Mississippi  39402

This the _15_ day of January, 2019.

                                                                CORY L. RADICIONI